William J. Leahy (NJ No. 022841997)
Alexa J. Laborda Nelson (NJ No. 027442012)
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, Pennsylvania  19102.1321
Telephone:     267.402.3000
Fax No.:        267.402.3131
wleahy@littler.com
alabordanelson@littler.com

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Anna Baran,<br><br>                    Plaintiff,<br><br>v.<br><br>ASRC MSE (ASRC Federal Mission Solutions),<br><br>                    Defendants. | Civil Action No. _____<br><br><br>**Filed via ECF**<br><br><br>NOTICE OF REMOVAL<br>OF ACTION |

Defendant Mission Solutions, LLC ("MSE") (improperly identified as "ASRC MSE (ASRC Federal Mission Solutions"), by and through its undersigned counsel, states the following:

**I.      PROCESS, PLEADINGS, AND ORDERS**

1. Plaintiff Anna Baran commenced an action by filing a *pro se* Complaint against MSE on or about May 18, 2023, in the Superior Court of New Jersey, Law Division, Burlington County (the "Superior Court") styled *Anna Baran v. ASRC MSE (ASRC Federal Mission Solutions)*, at Docket No. L-952-23 (the "Superior Court Action"). A copy of Baran's *pro se* Complaint is attached as Exhibit A.

1

2. Plaintiff served MSE on May 22, 2023. (Attached hereto as Exhibit B is a true and correct copy of Plaintiff's proof of service.)

3. The Complaint includes claims for, as she describes it, "violation of injunction," "contempt of court," "payment & damages for the destructions of Plaintiffs employments," "obstruction of justice," and "tort." (*See* Exhibit A.)

## II.   VENUE

4. Pursuant to 28 U.S.C. §§ 118(a), 1391(b)(2), and 1441(a), venue is proper in the United States District Court for the District of New Jersey, Camden County, insofar as the Burlington Vicinage, which is where Plaintiff filed the instant action, is within the district and division embraced by this Court.

## III.   FEDERAL OFFICER JURISDICTION EXISTS UNDER 28 U.S.C. § 1442

5. The instant Complaint arises out of a string of related cases in which Plaintiff alleges, among other things, that Defendant defamed Plaintiff and/or committed a "tort" when it submitted a report in the United States Department of Defense's Joint Personnel Adjudication System ("JPAS"). (*See* Exhibit A at pp. 3, 13.)

6. In her Complaint, Baran also claims, among other things, that Defendant MSE violated a court order that allegedly required that Defendant use its best efforts to remove an allegedly false report that was filed in JPAS. (*See* Exhibit A at p. 1.)

7. JPAS is the Department of Defense's system of record for security clearance processing. JPAS is federally regulated by the National Industrial Security Program Operating Manual ("NISPOM"). (Exhibit A at pp. 10-11.); *see also Baran v. ASRC/MSE*, 815 F. App'x 633, 635 (3d Cir. 2020) (NISPOM directs employers to update JPAS with any "adverse information about a cleared employee that would indicate [her] ability to protect classified [information] might be compromised.").

8. NISPOM requires contractors with access to classified information to report "adverse information coming to their attention concerning any of their cleared employees." *See* NISPOM§1-302(a). (NISPOM is available at http://www.dss.mil/documents/odaa/nispom200-65220.pdf.). Thus, as a federal contractor, MSE is required to comply with NISPOM.

9. Baran was a cleared employee. (Exhibit A pp. 3-4).

10. As noted above, Baran premises her claim, at least in part, upon information entered by MSE into JPAS. (*See* Exhibit A).

11. Under 42 U.S.C. § 1442, "[a] civil action . . . that is commenced in a State court" may be removed to federal court if the action is against "any officer (or any person acting under that officer) of the United States . . . for or relating to any act under color of such office." 42 U.S.C. §1442(a)(1).

12. A defendant may properly remove a state court action under 28 U.S.C. § 1442(a)(1) when four conditions are met: (1) the defendant is a "person" within the meaning of the statute; (2) the plaintiff's claim is "based upon the defendant's conduct 'acting under' a federal office;" (3) the defendant raises a "colorable federal defense;" and (4) There is "a causal nexus between the claims and the conduct performed under color of a federal office." *Baran v. ASRC MSE*, No. 122-CV-04391-RBK-AMD, 2023 WL 2344634, at *4 (D.N.J. Mar. 3, 2023) (citing *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 127 (3d Cir. 1998)).

13. First, MSE, as an LLC, is a "person" within the meaning of 1442(a)(1).

14. Second, MSE, as a defense contractor, is "acting under" a federal officer, namely the Secretary of Defense, when it submits a report to JPAS regarding an employee. *See Stephenson v. Nassif*, 160 F. Supp.2d 884, 888 (E.D. Va. 2015).

15. Third, any report submitted to MSE to JPAS is absolutely privileged. *See Mission1st Group, Inc. v. Filak*, Civil Action No. 09-3758, 2010 WL 4974549, *2 (D.N.J. Dec. 2, 2010); *Becker v. Philco Corp.*, 372 F.2d 771 (4th Cir. 1967), *cert. denied* 389 U.S. 979 (1967).

16. Finally, Plaintiff bases her claim partly on the information that MSE provided in its termination report pursuant to NISPOM. As explained above, MSE was required by the DoD to provide the report. Thus, the causal nexus exists between the claim that Defendant allegedly violated an injunction to alter or remove the report and the conduct that MSE performed under color of a federal office.

17. Consequently, MSE is entitled to remove this Action from the Superior Court to this Court under 42 U.S.C. § 1442(a)(1). *See Baran v. ASRC MSE*, No. 122-CV-04391-RBK-AMD, 2023 WL 2344634, at *4 (D.N.J. Mar. 3, 2023) (holding that federal officer jurisdiction was proper); *Baran v. ASRC Fed. Mission Sols.*, No. CV 17-7425(RMB/JS), 2018 WL 3054677, at *4 (D.N.J. June 20, 2018) (same).

18. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal has been filed within thirty (30) days after MSE was served with Baran's Complaint on May 22, 2023. (*See* Exhibit B).

## IV. DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332

19. In addition to jurisdiction based on the facts above, this Court has diversity jurisdiction over the Superior Court action under 28 U.S.C. § 1332.

20. Complete diversity of citizenship exists between Baran and MSE. Specifically, Baran is a citizen of New Jersey. MSE is a limited liability company, and its sole member is ASRC Federal Holding Company, LLC ("ASRC Federal"). ASRC Federal is a limited liability company, and its sole member is Arctic Slope Regional Corporation. Arctic Slope Regional Corporation is a corporation organized and existing under the laws of the State of Alaska. *See Zambelli Fireworks*

*Mfg. Co. v. Wood*, 592 F.3d 412, 420 (4d Cir. 2010) (explaining that the citizenship of a limited liability company is determined by the citizenship of its members). Therefore, the Superior Court Action is between citizens of different states.

21. The amount in controversy in the Superior Court Action exceeds $75,000.

22. Accordingly, the grounds for diversity jurisdiction are satisfied, and this Court has jurisdiction over the Superior Court matter pursuant to 28 U.S.C. § 1332.

## V.   COMPLIANCE WITH PROCEDURAL REQUIREMENTS

23. By reason of the foregoing and pursuant to 28 U.S.C. § 1442, MSE desires and is entitled to have the Superior Court Action removed from the Superior Court of New Jersey, Burlington County, to the United States District Court for the District of New Jersey.

24. True and correct copies of this Notice of Removal are being promptly filed with the Superior Court and served this date upon Baran. Further, pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings are attached as Exhibits A and B, and all other documents from the State Court Action docket along with a copy of the docket sheet, are attached collectively as Exhibit C.

**WHEREFORE**, Defendant Mission Solutions, LLC respectfully requests that this case be removed to this Court, that this Court accept jurisdiction of this Action, and that this Action be henceforth placed on the docket of this Court for all further proceedings as though the same Action had been originally instituted and commenced in this Court.

Dated: June 20, 2023

Respectfully submitted,

*/s/ Alexa J. Laborda Nelson*
William J. Leahy
Alexa J. Laborda Nelson
LITTLER MENDELSON
A Professional Corporation
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000 (t)
267.402.3131 (f)
wleahy@littler.com
alabordanelson@littler.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I, Alexa J. Laborda Nelson, hereby certify that on this 20th day of June 2023, I filed the foregoing Notice of Removal using the Court's ECF system, through which this document is available for viewing and downloading, and served via First-Class Mail upon:

Anna Baran
32 Sheffield Dr.
Marlton, NJ 08053

*Plaintiff Pro Se*

                                          */s/ Alexa J. Laborda Nelson*
                                            Alexa J. Laborda Nelson