# EXHIBIT A

I hereby deputize and appoint Sgt. Windstein #3536 my Special Deputy to serve this Writ Witness my hand and Seal This 18 day of May 20 23

JAMES H. KOSTOPLIS
SHERIFF (SEAL)

ODISE A. CARR
UNDERSHERIFF (SEAL)

Duly Served 5/22/ 20 23

Deputy signature

SUMMONS

Attorney(s) Anna Baran

Office Address 32 Sheffield Drive

Town, State, Zip Code _MARLTON  NJ  08053_

Telephone Number 856-912-0716

Attorney(s) for Plaintiff Pro se

ANNA BARAN
        Plaintiff(s)

vs.

ASRC MSE   (ASRC Federal Mission

Solutions )
        Defendant(s)

**Superior Court of
New Jersey**

Burlington   ▼ County

CIVIL          Division

Docket No: _____

RECEIVED
BURLINGTON COUNTY SHERIFF
2023 MAY 18  A 11: 57

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

   The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

   If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

   If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

                                        _____
                                        Clerk of the Superior Court

DATED: _____

Name of Defendant to Be Served:  ASRC Federal Mission Solutions

Address of Defendant to Be Served:  121 Whittendale Dr, Moorestown, New Jersey  08057

**ATLANTIC COUNTY**
Deputy Clerk of Superior Court
1201 Bacharach Blvd., 1st Floor
Atlantic City, NJ 08401
Lawyer Referral
609-345-3444
Legal Services
609-348-4200

**BERGEN COUNTY**
Deputy Clerk of Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769
Lawyer Referral
201-488-0044
Legal Services
201-487-2166

**BURLINGTON COUNTY**
Deputy Clerk of Superior Court
Central Processing Office
Judicial Intake
49 Rancocas Road, 1st Floor
Mt. Holly, NJ 08060
Lawyer Referral
609-261-7862
Legal Services
609-261-1088

**CAMDEN COUNTY**
Deputy Clerk of Superior Court
101 S. 5th Street, 1st Floor
Camden, NJ 08103
Lawyer Referral
856-964-4520
Legal Services
856-964-2010

**CAPE MAY COUNTY**
Deputy Clerk of Superior Court
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210
Lawyer Referral
609-463-0313
Legal Services
609-465-3001

**CUMBERLAND COUNTY**
Deputy Clerk of Superior Court
Broad & Fayette Streets
P.O. Box 615
Bridgeton, NJ 08302
Lawyer Referral
856-692-6207
Legal Services
856-451-0003

**ESSEX COUNTY**
Deputy Clerk of Superior Court
50 West Market Street, Room 131
Newark, NJ 07102
Lawyer Referral
973 622-6207
Legal Services
973-624-4500

**GLOUCESTER COUNTY**
Deputy Clerk of Superior Court
1 North Broad Street, 1st Floor
P.O. Box 129
Woodbury, NJ 08096
Lawyer Referral
856-848-4589
Legal Services
856-848-5360

**HUDSON COUNTY**
Deputy Clerk of Superior Court
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
Lawyer Referral
201-798-2727
Legal Services
201-792-6363

**HUNTERDON COUNTY**
Deputy Clerk of Superior Court
65 Park Avenue
Flemington, NJ 08822
Lawyer Referral
908-735-2611
Legal Services
908-782-7979

**MERCER COUNTY**
Deputy Clerk of Superior Court
175 S. Broad Street
P.O. Box 8068
Trenton, NJ 08650
Lawyer Referral
609-585-6200
Legal Services
609-695-6249

**MIDDLESEX COUNTY**
Deputy Clerk of Superior Court
Administration Bldg., 3rd Floor
1 Kennedy Square, P.O. Box 2633
New Brunswick, NJ 08903-2633
Lawyer Referral
732-828-0053
Legal Services
732-249-7600

**MONMOUTH COUNTY**
Deputy Clerk of Superior Court
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1269
Lawyer Referral
732-431-5544
Legal Services
732-866-0020

**MORRIS COUNTY**
Deputy Clerk of Superior Court
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910
Lawyer Referral
973-267-5882
Legal Services
973-285-6911

**OCEAN COUNTY**
Deputy Clerk of Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
Lawyer Referral
732-240-3666
Legal Services
732-341-2727

**PASSAIC COUNTY**
Deputy Clerk of Superior Court
77 Hamilton Street
Paterson, NJ 07505
Lawyer Referral
973-278-9223
Legal Services
609-345-7171

**SALEM COUNTY**
Deputy Clerk of Superior Court
92 Market Street, P.O. Box 18
Salem, NJ 08079
Lawyer Referral
856-935-5628
Legal Services
609-451-0003

**SOMERSET COUNTY**
Deputy Clerk of Superior Court
New Court House, 3rd Floor
P.O. Box 3000
Somerville, NJ 08876
Lawyer Referral
908-685-2323
Legal Services
908-231-0840

**SUSSEX COUNTY**
Deputy Clerk of Superior Court
43-47 High Street
Newton, NJ 07860
Lawyer Referral
973-267-5882
Legal Services
973-383-7400

**UNION COUNTY**
Deputy Clerk of Superior Court
2 Broad Street, 1st Floor
Elizabeth, NJ 07207-6073
Lawyer Referral
908-353-4715
Legal Services
908-354-4340

**WARREN COUNTY**
Deputy Clerk of Superior Court
413 Second Street
Belvidere, NJ 07823-1500
Lawyer Referral
973-267-5882
Legal Services
973-475-2010

**Plaintiff or Filing Attorney Information:**

RECEIVED
BURLINGTON COUNTY SHERIFF

SUPERIOR COURT
BUR FINANCE

Name  Anna Baran                                    2023 MAY 18  A 11: 57    2023 MAY 10  PM 3: 47

NJ Attorney ID Number _____

Address  32 Sheffiled Drive                                                          RECEIVED
                                                                                      BY: 003

         Marlton NJ  08053

Telephone Number  856-912-0716

baran_anna@hotmail.com

|  |  |
|---|---|
| Anna Baran                    , <br> **Plaintiff,** <br> v. <br> ASRC MSE   (ASRC FEDERAL <br> MISSION SOLUTIONS)          , <br> **Defendant(s).** | Superior Court of New Jersey <br> CIVIL   Division  Burlington ▼ County <br> Part <br> Docket No: _L-952-23_ <br> (to be filled in by the court) <br><br> Civil Action <br> **Complaint** |

Plaintiff,  Anna Baran _____, residing at
         (your name)
32 Sheffield Drive _____, City of  Marlton _____
(your address)                                           (your city or town)
County of  Burlington ▼ _____.
         (your county)

State Of New Jersey, complaining of defendant, states as follows:

1.  On  May 09 _____, 20_23___,  ASRC MSE (ASRC FEDERAL MISSION SOLUTIONS) , Defendant
                                               (name of person being sued)
(Summarize what happened that resulted in your claim against the defendant.  Use additional pages if necessary.)

   Attached :  Injunction Violation + damages _____

_____

_____

_____

_____

The defendant in this action resides at   121 Whittendale Drive  Moorestown  NJ 08057 ,
                                          (defendant's address)

In the County of  Burlington ▼ _____, State of New Jersey.
                  (name of county where defendant lives)

2.  Plaintiff is entitled to relief from defendant under the above facts.

   Attached


New Jersey Courts
Independence • Integrity
Fairness • Quality Service

New Jersey Judiciary
Civil Practice Division

# Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the
black bar is not completed, or attorney's signature is not affixed.

## For Use by Clerk's Office Only

| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number |
|---|---|---|---|---|

| Attorney/Pro Se Name
Anna Baran | Telephone Number
(856) 912-0716  ext. | County of Venue
Burlington |
|---|---|---|

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|

| Office Address - Street
32 Sheffield Drive | City
Marlton | State
NJ | Zip
08053 |
|---|---|---|---|

| Document Type
Court Injunction Violation / Complaint | Jury Demand
☐ Yes      ☐ No |
|---|---|

| Name of Party (e.g., John Doe, Plaintiff)
Anna Baran | Caption  Anna Baran      v.  ASRC MSE (ASRC FEDERAL MISSION SOLUTIONS) |
|---|---|

Case Type Number (See page 3 for listing)  509,699,005,609

Are sexual abuse claims alleged?                                   ☐ Yes    ☒ No

Does this case involve claims related to COVID-19?                 ☐ Yes    ☒ No

Is this a professional malpractice case?                           ☐ Yes    ☒ No
   If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law
   regarding your obligation to file an affidavit of merit.

Related Cases Pending?                                             ☐ Yes    ☒ No
   If "Yes," list docket numbers
   BUR-L-53-15    Violations of Court Injunction

Do you anticipate adding any parties (arising out of same          ☐ Yes    ☒ No
transaction or occurrence)?

Name of defendant's primary insurance company (if known)          ☐ None    ☒ Unknown

| The Information Provided on This Form Cannot be Introduced into Evidence. |
|---|

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

Do parties have a current, past or recurrent relationship?    ☒ Yes    ☐ No

   If "Yes," is that relationship:
   ☐ Employer/Employee    ☐ Friend/Neighbor    ☐ Familial    ☐ Business
   ☒ Other (explain) Former Emoplyee _____

---

Does the statute governing this case provide for payment of fees    ☐ Yes    ☐ No
by the losing party?

---

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition.

---

  Do you or your client need any disability accommodations?    ☐ Yes    ☒ No
    If yes, please identify the requested accommodation:

  Will an interpreter be needed?    ☐ Yes    ☒ No
    If yes, for what language?

---

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**

Attorney/Self-Represented Litigant Signature: _____

Anna Baran
32 Sheffield Drive
Marlton, NJ 08053
856.912.0716

*Plaintiff Pro Se*

RECEIVED
BURLINGTON COUNTY SHERIFF

2023 MAY 18   A 11: 58

| | |
|---|---|
| ANNA BARAN | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BURLINGTON COUNTY** |
| Plaintiff, | **DOCKET NO:** |
| v. | |
| ASRC MSE, and ABC BUSINESS ENTITIES 1-100 (fictitious business entities presently unknown), | **VIOLATION OF INJUNCTION** |
| Defendants. | |

Plaintiff, Anna Baran, respectfully submits complaint against ASRC MSE for Violation of Injunction. Today, ASRC MSE also identifies by "ASRC Federal Mission Solutions". The notation "Federal" in the company's name does not designate that it is Federal company.

## I.   FACTUAL BACKGROUND

Plaintiff filed a complaint against defendant, ASRC MSE in Superior Court on January 6, 2015. A Courts Order & ruling was supplemented to restrict defendants from continued defamatory, slanderous actions and behavior against Plaintiff. Superior Court Honorable Judge Harrington issued an order and a ruling requiring defendants to immediately stop defendants' adverse behaviors against Plaintiff. Additionally, it required Defendants best efforts, to remove false report form Plaintiffs record. Defendant deliberately deceived Superior Court Judge, asserting both during court sessions and in written responses, that they have no access or means to remove the report or assist Plaintiff.

Plaintiff informed the Superior Court Judge that defendants' assertions are false. This is because defendants have access to JPAS and have the means to issue a removal of their false report from Plaintiffs record. The report can only be removed by the "Originator", the defendants. When defendants deliberately continued to assert otherwise and mislead, the Superior Court Judge asked

Plaintiff to bring defendant back to the Court when it can be shown that the defendants are defying Judges order and ruling. The defiance by defendants has destroyed Plaintiffs many employment opportunities, career rank and finances for almost a decade.  The defamatory actions have caused permanent damage to every aspect of Plaintiffs life.

Defendants, ASRC MSE, also known as ASRC Federal Mission Solutions (note: not a federal company but private), act and behave in view - that laws, rulings and orders decided and directed by Superior Court Judges are not sufficiently weighty or authoritative for defendants to comply with.  For that reason, when in District Court, defendants moved on "power" assertions to nullify all decisions, rulings and orders originating in the Superior Court of New Jersey.

> (Trial day 4)
> Ln3-5: **THE COURT**:  <u>I know, but is it for this Court to reverse or overrule a State</u>
> <u>Court Judge? I don't know</u>. I haven't dealt with this issue before.
> Ln6-12:  **MR. LEAHY**:  I can address that because law of the case, this -- <u>your Honor is</u>
> <u>no longer ruling on an issue at the pleading stage, your Honor is ruling on a closed record</u>
> <u>in this court.</u>   The record is now closed, <u>your Honor is not bound by law of the case.</u>
> Even if this Court could be bound by law of the case in the Superior Court, I'll leave that
> aside.

**At later time during trial, while in District Court to Trial Judge Bumb:** The defendants' argument of asserted defense of "power" was something like this:

> "oh common Judge, you have more power than the other Judge, (referring to Superior
> Courts Honorable Judge Harrington).  You can overrule his ruling, you can do whatever
> you want, come on Judge, you have the power to do whatever you want, just overrule him,
> you can do this with your power, oh, come on Judge, etc."

## A. PLAINTIFFS CASE IN SUPERIOR COURT OF NEW JERSEY.

On January 6, 2015, Plaintiff filed a complaint against Defendants, ASRC MSE in the Superior Court Burlington County, claims including defamation, slander.

VIOLATION OF INJUNCTION

On August 11, 2014, Plaintiff learned that defendants have acted in defamatory and slanderous conduct about Plaintiff to third party.  Defendants' libelous behavior continued into the January 2015 time frame.

From April 2014 to September 2014, Plaintiff was in direct communication with ASRC MSE defendant's FSO, Francis McKenna. During this communication, Mr. Mckenna informed Plaintiff that per ASRC MSE direction, he was instructed not to remove, communicate, or assist Plaintiff in removing the false report from her record.  Even though he received courts paperwork that all has been dismissed and directed to be removed.

In January 2015, shortly after defendants received a complaint filed against them, Plaintiff was contacted via phone by ASRC MSE FSO Colleen Nicholson and defendants legal team Ronald Fouse.  During this interaction, defendants were informed of the August 2014, slanderous actions by FSO Francis McKenna and a false report in JPAS.  Defendants refused to clear the false report or cooperate, which resulted Plaintiffs losing third employment opportunity.

During early court sessions in 2015, Plaintiff reported ASRC MSE's continued adverse actions against Plaintiff to Superior Court Honorable Judge Harrington.  Defendants denied prohibiting its employees from clearing the false report from Plaintiffs record or instructing them not to assist Plaintiff in her efforts.

Because defendants' adverse behavior was occurring into the early months of 2015, Plaintiff requested the Superior Court Judge to issue an order against defendants: (1) to forbid defendants defamatory and slanderous actions against Plaintiff (2) and to enforce defendants to remove the false report from Plaintiffs record that they had created.

On April 24, 2015, and enforced on August 12, 2015, Superior Court Judge issued an order against the defendants.  The Courts Order issued against defendants, contained directions for each Party, Plaintiff and Defendants – both parties had to use their best efforts to remove defendants false report from Plaintiffs record.

Defendants continued to deliberately behave in violation of the Court's ruling, Courts order and NISPOM:

1. Court's ruling July 2014
2. Courts Orders April 24, 2015 & enforced on August 12, 2015
3. NISPOM - Clearance required regulation manual (pg. 10 (shall furnish a copy of the report and its final disposition)

3

VIOLATION OF INJUNCTION

Through extensive research, Plaintiff acquired some knowledge about clearance processes and clearance offices that manage / govern it: Office of Personnel Management (OPM), Defense Manpower Data Center (DMDC), Department of Defense (DoD), Defense Security Service (DSS), Consolidated Adjudications Facility (CAF).

Plaintiff invested enormous amount of time for many years (2014 – 2021) to remove the false report from her record. Throughout many communications with Clearance Offices, Plaintiff was asked numerous questions relating to the subject matter. Communication methods were via phone, e-mail, forms and supporting documents. According to clearance offices and confirmed by L3-Communications' FSO and VP of HR, that "only" the originators of the report - defendants, can remove the false report. L3 Communications informed Plaintiff that defendants are unwilling to cooperate with them to remove / resolve the report. Defendants' adverse actions created an unmovable obstacle for Plaintiff – because the originator of the report is the only one who can remove it. The report left on Plaintiffs record, prevented clearance office from reviewing it and adjudicating it.

The Requested information and asked questions per clearance offices was the same which was provided to Defendants in Plaintiff's case.

Throughout the entire time of Plaintiffs case in Superior Court, defendants deliberately misled Honorable Judge Harrington and behaved in absolute violation of the Courts Order. In that, defendants adamantly refused to assist or make any effort to remove the false report but, maliciously acted adversely, directing its FSO not to remove the report. Adding to their destructive behavior, defendants also instructed its FSO not to assist, communicate or cooperate with any external party to remove the false report from Plaintiff record.

After almost three years of the case in Superior Court, on the eve of the trial, defendants moved to remand the case to the District Court of New Jersey. The District Court denied Plaintiffs motion to remand and allowed the litigation to proceed in federal court.

When the case was proceeding in the District Court, defendants used the Superior Courts Orders' instruction for Plaintiff, against Plaintiff. Defendants verbally, mercilessly, and influentially attacked Plaintiff with fabricated, intentionally editorialized accusations, mischaracterizations prior to and throughout the duration of the trial. When these attacks were taking place, by defendants and District Court Trial Judge, Plaintiff was silenced and prohibited from giving testimony of actual events.

VIOLATION OF INJUNCTION

## B.  PLAINTIFFS CASE IN DISTRICT COURT OF NEW JERSEY

On September 25, 2017, after almost three (3) years in Superior Court Burlington County, at the eve of trial, Defendants untimely removed the case to United States District Court pursuant to 28 U.S.C.§1442, the "Federal Officer Removal Statue."

Plaintiff moved to have the case remanded to Superior Court of New Jersey, arguing that the remand was untimely, and the "Federal Officer Statue" did not apply to ASRC MSE.

On June 20, 2018, the District Court denied the Plaintiffs motion to remand and allowed the litigation to proceed in federal court.  The case was remanded; however, the Court Order should have remained in Superior Court where it originated.

In October 2017, Plaintiff accepted a new employment offer.  This employment was contingent on clearance being cleared.  The clearance process was progressing, and then stalled at "pending" status, because of the false report on Plaintiffs record.  For this reason, in September 2018, Plaintiff contacted defendants FSO Colleen Nicholson via phone, to request assistance in removing the false report or to cooperate with prospective employer to get it removed.

Defendants FSO, Colleen Nicholson refused to cooperate or assist Plaintiff.  ASRC MSE FSO Colleen Nicholson informed Plaintiff that she was given direction by ASRC MSE legal team not to assist, communicate, cooperate, or remove the false report from Plaintiffs record.

Shortly after the phone call with Colleen Nicholson, Defendants counsel Mr. William Leahy contacted Plaintiffs' counsel to instruct and prohibit Plaintiffs from making any communication with defendants FSO – in relation to remove the false report from her record.  Plaintiff was assured by defendants and Plaintiffs' counsel, that the false information on Plaintiffs record will be handled and addressed at the Trial.  Because of Defendants detrimental actions, refusing to remove the report and would not cooperate with new employer, Plaintiffs employment offer was rescinded.

Weeks before the trial, Defendants deliberately misled the District Court Trial Judge and mischaracterized Plaintiff with editorialized information – even though, Plaintiff directly adhered to Superior Courts Order instructions.  While the case was proceeding in the District Court, defendants moved to block the Superior Courts Order against them and their violations from the trial and the Jury.  The violation pertained to defendants' instruction to ASRC MSEs' FSO not to cooperate or adhere to Courts order, resulting in Plaintiffs employment offer to be rescinded.

VIOLATION OF INJUNCTION

Defendants requested Trial Judge to preclude witnesses' testimonies, Plaintiffs testimony and evidence of employments rescinded. The trial Judge permitted the defendants to dishonestly assert to the Jury that Plaintiff does not have a better employment because she is not applying enough. Defendants would respond with "objection" and Judge "sustained" when Plaintiff attempted to communicate to the Jury, the defendant's continued destruction of Plaintiffs employments.

Further, to add insult to injury, defendants weaponized Superior Courts' Court Order against Plaintiff in the District Court. Plaintiff adhered and was proactive with Courts Order instruction.

The District Court Trial Judge ignored Superior Courts issued Order against defendants and used it against Plaintiff for adhering to it. Because Plaintiff had to use her best efforts to try to get her clearance restored, answering questions, and supplying information. The Trial Judge acted with verbal retaliatory behaviors against Plaintiff - this was done via name calling, mocking, intimidation, silencing Plaintiff, destroying evidence, precluding evidence and continued distraction from trial.

Throughout the 4-day trial, March 2019, Plaintiff was called names, mocked with continued fabricated allegations by the defendants and the Trial Judge. Plaintiff was directly humiliated with verbal disparaging comments by Trial Judge for the full length of the trial. Defendants counsel, William Leahy and Alexa Lamborda-Nelson engaged in continued alleged comments & laughter, adding fuel to the disparaging comments made by Trial Judge. Plaintiffs pain, tears, heart breaking moments and reliving the trauma caused by ASRC MSE – was a time to be unprofessionally entertained for defendants.

The verbal attacks from the Trial Judge continued mercilessly, very one sided. The verbal attacks very heavy to bear, instilled fear and intimidation on Plaintiff, because they were relentlessly released by the Trial Judge

The intensity of the Trial Judges behavior against Plaintiff for 4-days of the trial, was very brutal – which caused Plaintiff to slightly slip down the step, when walking off from the witness stand, being weakened by the verbal attacks.

## C. DEFENDANTS CONTINUED VIOLATION OF SUPERIOR COURT ORDER

While in District Court, the trial Judge communicated to defendants that they were required and responsible to remove the false report from Plaintiffs record. After trial, in June 2019, Plaintiff accepted another employment offer. This employment was contingent on clearance being cleared.

VIOLATION OF INJUNCTION

When defendants again refused to remove the false report from Plaintiffs record, the employment was rescinded.

Plaintiffs' salary was nominal, so she was working two jobs to earn the most she could with the hours she had to work with – this was working seven days with maximum hours offered at each job. Adding to this effort, Plaintiff was vigorously looking and applying for new employment with higher pay just to stay minimally afloat. Plaintiff participated in several phone interviews, that progressed with positive feedback. However, the interest and contact dissipated when questions about having "active clearance" or being able to obtain clearance could not be easily resolved because defendants refused to remove the report. In July 2020, Plaintiff accepted a new employment with slightly higher salary – still working two jobs.

Finally in March 2021, a new employment opportunity – Plaintiff took part in interview process that consisted of several interviews. During this time, employment offer was in discussion, however the clearance obstacle needed to be resolved. Plaintiff sent an e-mail to ASRC MSE FSO Colleen Nicholson requesting assistance and removal of the false report. For several months Colleen Nicholson refused to respond, assist, communicate or cooperate with Plaintiff or the new employers' FSO. The new employers FSO made this process transparent to Plaintiff, which was helpful to move the progress forward.

Plaintiff provided defendants, ASRC MSE Colleen Nicholson's contact information to the new employer's FSO. The new employer's FSO contacted Colleen Nicholson a few times but did not receive a response to clear the report. Defendants refused to assist, cooperate, or respond to Plaintiffs or external defense party requests – made efforts to remove the report.

When Defendants continued to deliberately refuse to adhere to Superior Courts Order, Plaintiff had to involve legal counsel to work with defendants, ASRC MSE to get the clearance issue resolved – removing the false report. Soon after the involvement of legal counsel, Plaintiff was able to start the employment with interim clearance. The clearance still needed to go through the complete clearance process to be completely approved.

Now, almost a decade has passed, that defendants deliberately controlled Plaintiffs career to be inaccessible by refusal to remove the false report they created. Defendants malicious, retaliatory behavior and actions resulted: (1) destroying many employments opportunities (2) irreversible damage & loss of time in career rank / potential (3) irreversible damage to professional status (4) irreversible damage to "every" aspect of Plaintiffs life.

VIOLATION OF INJUNCTION

Defendants' ASRC MSE's actions and behavior were deliberately destructive and maliciously dishonest while in Superior Court. Then, when in District Court, defendants manipulated the Superior Courts Order and ruling which was against them and weaponized it against Plaintiff. Plaintiff followed the Superior Courts order – using best efforts to remove the false report from her record to get her secret clearance restored. Defendants fabricated new allegations and deceived the District Court Trial Judge about Plaintiff for following the Superior Courts Order instructions. This created a tsunami of viciousness from trial Judge against Plaintiff by – name calling, mocking, attack on Plaintiffs character, silencing Plaintiff, and witnesses' testimony, precluding evidence which supported claims, throughout the 4-day trial.

## D. DEFENDANTS INJUNCTION VIOLATIONS EVIDENCED IN BOTH COURTS: SUPERIOR COURT OF NEW JERSEY & DISTRICT COURT IN NEW JERSEY.

**Superior Court of New Jersey:**

1. Defendants, ASRC MSE directed their FSO's Francis McKenna and Colleen Nicholson, to not remove false report from Plaintiffs record. This was communicated to Plaintiff by Francis McKenna in August 2014 and Colleen Nicholson in September 2018. This behavior was in contempt and defiance with:

   1) Courts' ruling in July 2014,
   2) Courts' Order on April 24, 2015
   3) enforced Courts' Order on August 12, 2015
   4) violation of NISPOM requirement (Manual by clearance office)

2. Defendants produced a devised document to imply they have done all they can to assist Plaintiff in removing the false report from her record.

   1) The document was not completed as defendants claimed. Because it did not move Plaintiffs clearance to review and adjudication phase. Instead, the process stopped each time at phase of the report not removed.

VIOLATION OF INJUNCTION

3.  Defendants deliberately misled Superior court Judge that they have no access and are unable to assist or remove the false report.  Defendant has access to JPAS, a route to remove the report and request review and adjudication.

**District Court of New Jersey:**

1.  Defendants, ASRC MSE directed their FSO Colleen Nicholson, to not cooperate or assist Plaintiff / or new employer in removing the false report from Plaintiffs record. This was communicated to Plaintiff by Colleen Nicholson in September 2018.  Mr. William Leahy directly communicated to Plaintiffs' counsel to deter Plaintiff from contacting Colleen Nicolson for reason to remove and/or cooperate & assist in removing the report.

2.  Defendants moved to preclude Superior Courts Order and their violations from trial and Jury knowledge.
    a.  Defendants deceitfully, relayed to Jury that Plaintiff failed to apply for enough employments to obtain a better compensated employment. The trial Judge was fully aware that this was false representation because she precluded evidence of employment rescinded resulting from defendant's order violation.

3.  Defendants punished and retaliated against Plaintiff for adhering to Superior Courts order. Defendants weaponized Superior Courts order to cause further defamatory attacks on Plaintiff's character.   This behavior created a brutal response from the trial Judge toward Plaintiff for the duration of 4-day trial.

4.  When directed and informed by District Court Trial Judge, that they should have and are responsible for removing the false report, defendants refused.
    a.  Defendants continued violation has caused another employment opportunity to be rescinded in January 2020.

9

VIOLATION OF INJUNCTION

## E. ISSUES IN VIOLATION OF INJUNCTION ARE AS FOLLOWS:

## DID DEFENDANTANTS COMMIT CONTEMPT OF COURT BY MISLEADING SUPERIOR COURT JUDGE AND REFUSING TO REMOVE FALSE REPORT FROM PLAINTIFFS RECORD?

In the first defense, defendants asserted that they have no means to remove the false report from Plaintiffs record.  Defendants have direct access to JPAS, which is a direct route and means to remove and submit request to remove the false report.

In second defense, Defendants deliberately produced a falsely documented article to relay to the Superior Court Judge that they had done their part to remove the report.  The document produced to Court was misleading in effort to fabricate action that was not done by defendants. Had the action & effort been completed, the report would have been removed, and the clearance office would be able to review and adjudicate it.  However, to the contrary, the report remained on Plaintiffs record, stalling the clearance process every time it was processed in a new request for new employment.

In the third defense, defendants argued that they have "immunity & privilege" to report and are not required to remove the false report from Plaintiffs record.  Every phase of this erroneously argued defense based on Becker case fails.  Defendants do not have "immunity & privilege" to report rumors and innuendo – using NISPOM as a tool of retaliation against Plaintiff.

The regulation examined by the <u>Becker</u> Court is <u>over fifty years</u>.  ASRC MSE cites the Fourth Circuit's decision in <u>Becker v. Philco Corp., 372 F.2d 771 (4th Cir. 1967)</u>.  <u>It embraces both true and false accusations, both substantial and insubstantial suggestions, perhaps encompassing even rumors.</u>

The NISPOM has been updated to add equal protection for the employee against employer.  NISPOM plainly instructs <u>not to report information "based on rumor or innuendo."</u> Therefore, reports within JPAS based on rumor or innuendo are not shielded or "protected" from liability.

10

VIOLATION OF INJUNCTION

Furthermore, the defendant also made a deliberate decision not to further comply with the remaining requirements directed in NISPOM: "shall furnish a copy of the report and its final disposition". Defendant refused to update the JPAS report with the final disposition per NISPOM requirement. The ASRC MSE legal team prohibited the FSO from performing the mandatory task as specifically dictated by NISPOM regulation. This information was communicated to Plaintiff by both Francis McKenna and Colleen Nicholson of ASRC MSE.

Defendants' adverse actions created an unmovable obstacle for Plaintiff – because the originator of the report is the only one who can remove it. The report left on Plaintiffs record, prevented clearance office from reviewing it and adjudicating it.

In the "reviewing" phase, the clearance office would directly interview Plaintiff to learn facts about the situation. This is the situation that defendants continued to silence Plaintiff about – defendants' criminal behaviors and compromised clearance circumstances / environment on ASRC MSE site.

## DID DEFENDANTS OBSTRUCT JUSTICE, CAUSED INTENTIONAL DAMAGE, BY DESTROYING DECADE OF PLATIFFS EMPLOYMENTS?

This puts into focus a very important issue that has been muddied with deception and obstruction of justice by the defendant ASRC MSE. The National Industrial Security Program ("NISPOM") of the Department of Defense, which is the applicable regulation for information contained in JPAS has been updated to provide equitable rights and protection to employee. The updated National Industrial Security Program Operating Manual, (NISPOM) section titled "Reporting Requirements," plainly defines guidelines for defendant, including, "shall furnish a copy of the report and its final disposition".

Defendants, ASRC MSE is a "sub-contractor to a sub-contractor" and in some cases, third level down "sub-contractor" performing varied work, some for defense. ASRC MSE erroneously relied on a fifty-year-old case, Becker v. Philco Corp., 372 F.2d 771 (4th Cir. 1967), in their defense for not having to adhere to Superior Courts Order direction. The Becker case

VIOLATION OF INJUNCTION

provisions a different requirement. Therefore, there is no absolute immunity or privilege under the Latest NISPOM requirements.

Defendants, ASRC MSE, act and behave - that laws, rulings and orders decided and directed by Superior Court Judges are not sufficiently weighty or authoritative for defendants to comply with. Defendants' actions, decisions, and defiance to Courts authority, locked up Plaintiffs career and opportunities for almost a decade when they refused to comply with Superior Court Courts rulings and orders as noted:

1) Courts' ruling in July 2014
2) Courts' Order on April 24, 2015
3) enforced Courts' Order on August 12, 2015
4) violation of NISPOM requirement (Manual by DoD clearance office)

Finally in March 2021, a new employment opportunity – Plaintiff took part in interview process that consisted of several interviews, employment offer accepted, worked with new employers FSO to make the path forward possible. This phase required the defendants to assist, communicate, and cooperate with Plaintiff or new employer FSO. Because the new employers FSO made this process transparent to Plaintiff, it became evident that Defendants decided to continue to destroy Plaintiffs employment opportunities.

When Defendants continued to deliberately refuse to adhere to Superior Courts Order, Plaintiff had to involve legal counsel to work with defendants, ASRC MSE to get the clearance issue resolved – removing the false report. Soon after the involvement of legal counsel, Plaintiff prevailed and was able to start the employment with interim clearance.

The following elements facilitated Plaintiff to demonstrate Defendants acting in Contempt of Court, Obstructing Justice in their vile behavior and retaliative actions: (1) transparency of new employers FSO and willingness to assist Plaintiff (2) new legal counsel (3) e-mail to ASRC MSE FSO Colleen Nicholson addressing the Court Order (4)  actual Superior Courts' Order against Defendants.

When in District Court, Defendants ASRC MSE retaliated against Plaintiff for adhering to the Superior Courts Order in effort to get her clearance restored. Defendants editorialized facts and information, fabricated new allegations, attacked Plaintiff character with dishonest defenses. This

VIOLATION OF INJUNCTION

abhorrent behavior resulted in relentless verbal vileness against Plaintiff and creating much damage to Plaintiffs case, and Justice for Plaintiff.

CONCLUSION:  Plaintiff is entitled to relief from defendant under the facts:

Violation of Court Injunction Penalty

Contempt of Court

Payment & Damages for the destructions of Plaintiffs Employments

Obstruction of Justice Penalty, damages

Tort (Other damages, penalties )

DATED: 8 May 2023

Respectfully Submitted,

*Anna Baran*

**Defendants will be served:**
ASRC Federal Mission Solutions
121 Whittendale Dr,
        Moorestown, New Jersey  08057

**Defendants attempts to preclude testimony that relates to defamation on which the Superior Courts' Injunction originated.  (Trial:  L3 Communications Testimony which support timely defamation claim)**

Trial Judge and defendant silenced Plaintiffs full testimony of August 2014 defamation communicated by defendant with L3 Communications.  The part of testimony below is from Plaintiffs interview L3 Communications.   Trial day 2

**Pg 156**

Ln23-24:  A.  I had a call within a day from Allison Corchile of L3 Communications, saying I just want to give you a call –

Ln25:      **MR. LEAHY:** Objection, hearsay.

**Pg. 157**

Ln1:       **THE COURT:** Sustained.

Ln2:       **PLAINTIFF COUNSEL:**

Ln3:       Q. Were you ultimately offered the position?

Ln4:       A. Yes.

Ln5:       Q. And did you begin work at L3?

Ln6:       A. No, because before they could -- L3 Communications could

Ln7:       finalize the offer, Allison Corchile called me back –

Ln8:       **MR. LEAHY:** Objection, hearsay.

Ln9:       **PLAINTIFF COUNSEL:**

Ln10:      Q. What was the outcome?

Ln11:      A. I was told that based on –

Ln12:      **MR. LEAHY:** Objection.

Ln13:      **PLAINTIFF COUNSEL:**

Ln14:      Q. Without –

Ln15:      **PLAINTIFF COUNSEL:** Judge, this goes to the issue of,

Ln16:      number one, mitigation of damages and the defamation claim.

Ln17:      **THE COURT:** I'll see counsel at sidebar.

**Pg. 158**

Ln1:       **THE COURT:** And so you are offering it for the truth

VIOLATION OF INJUNCTION

Ln2:   of the matter, which would mean that it's hearsay. If you are

Ln3:    offering it for a purpose other than that, I would advise the

Ln4:   jury. . . .

Ln7:   **PLAINTIFF COUNSEL:** From L3, Judge, and Mr. Bauer is

Ln8:   here and can testify to his knowledge of what occurred during

Ln9:    this application period.

Ln10-11:  **THE COURT:** Does he have personal knowledge of why she was turned down for the job ultimately?

Ln12-13:  **PLAINTIFF COUNSEL:** Through individuals that he has communicated with, yes.

Ln14:   **THE COURT:** That would be hearsay too.

Ln15-18:  **PLAINTIFF COUNSEL:** The information, Judge, even if it's not offered for of the truth of the matter, it does go to mitigation and also goes to what was attained in the record and what was presented and published to other individuals.

Ln19-21:  **MS. NELSON:** We objected to this and it was the 104 hearing your Honor was going to conduct. His testimony is purely hearsay. . .

**Pg 159**

Ln10-14:  **THE COURT:** And that leaves open the ability of the defendants to argue that whether or not you've met your burden of proof of proving that element that is in fact the reason but I will permit it for you to ask her what her understanding was –

Ln15:   **PLAINTIFF COUNSEL:** Thank you, Judge.

Ln16:   **THE COURT:** -- with respect to that conversation.

Ln17-23:  **MR. LEAHY:** Your Honor, if I may, just so that I have it for the record, I still believe it's impermissible hearsay and essentially allowing the witness to back-door in a communication I think is otherwise inadmissible. So I renew my objection. I would say if it's going to be allowed could your Honor give an instruction immediately on that issue, an instruction for what it's being allowed in for.

Ln24:   **THE COURT:** Let me see how the question is phrased. . . .

**Pg 160**

VIOLATION OF INJUNCTION

Ln4-8:   **MR. LEAHY:** I still have the same concern, your Honor, she doesn't, and I think it's a fair conclusion for the jury that eventually a communication was made and we have no countering, but she is essentially putting it in evidence kind of amorphously.

Ln9,13:   **THE COURT:** Let me see how the question is phrased, . . . It doesn't seem to be in dispute.

Ln14-18:   **MR. LEAHY:** It is in dispute, your Honor, because there has never been any evidence of that. We've deposed the witnesses and obtained affidavits from everybody who allegedly was involved in this and there is still no testimony it had anything to do with it.

Ln19-23:   **PLAINTIFF COUNSEL:** Judge, I disagree with that. There are e-mail exchanges between individuals at L3 that specifically say we were about to make her an offer, and it goes on to talk about the fact that they received this information.

Ln24-25:   **MR. LEAHY:** Those e-mails all remain hearsay. There is no admissible evidence.

**Pg 161**

Ln12-16:   **PLAINTIFF COUNSEL:** Q. Anna, would you tell the jury what your understanding is of the reason that you did not receive the job at L3, without providing any testimony regarding what anyone said, what is your understanding?

Ln17-19:   **A.** There was a conversation between ASRC/MSE Fran McKenna, who is the facility security officer had a direct conversation with John Manfred.

Ln20:   **MR. LEAHY:** Objection, your Honor.

Ln21-25:   **THE COURT:** Would you answer the question only that's been asked of you. The question was do not talk about what anyone said or any conversations, . . . . . . . That's the only question pending.

Ln1-2:   **THE WITNESS:** I understood that there was a conversation –

The exchange below is regarding the PII document that ASRC MSE created in January 2013, published and discussed it with third party on August 2014. This document represents one of several documents provided to defendant to support defamation claim. Defendants fabricated this file, used it to destroy Plaintiffs life & asserted absolute

immunity.   To avoid responsibility of the depth of damage they did to Plaintiff, they want the Jury to view their behavior in a lighter offense.

**Pg 164. Ln2-4:   MR. LEAHY:**   Objection, your Honor, I'm only noting it appears that she's reading from a document. The document has not been admitted into evidence.
Ln12-13:     **THE COURT**: I make the rulings on evidence. You'll have to wait. Any objection to its admissibility?
MR. LEAHY: Well, I think the contents of it would likely still be hearsay, your Honor.

Trial Judge and defendant barred witness testimony that directly supported and confirmed Plaintiffs testimony on defamation by defendant.    Witness confirmed Plaintiffs' testimony regarding interaction with L3 Communications.  Part of witnesses' testimony, exchange is from 104 Hearing Stephen Bauer:

Pg. 280
Ln11-12: **PLAINTIFF COUNSEL**: Do you recall the names of any other individuals that you spoke to at L3 with respect to Ms. Baran's application?
Ln13-14: **WITNESS A**. My one direct manager, Don Furr, I mentioned it to him, and I also talked to Robert Burnett. . . .
Ln17—18: **PLAINTIFF COUNSEL**: And how about William Subers, do you know who that individual is?
Ln19-21: **WITNESS A**. Yes. I used to work with Bill. I did talk to Bill Subers, too, because he was in the configuration management area. . . .
Pg. 281
Ln7: **A**. What happened was Anna came in for the interview.

Ln17-19: **WITNESS A**:  So they interviewed her, and Don was my direct manager, and he says they really liked her a lot, and, hopefully, they'll be able to give her an offer.
Pg. 282
Ln20-25: **WITNESS A**:   They said -- he says, okay, I'm not sure, I talked to Fran -- he said he talked to Fran McKenna at MSE and he said there was an issue. And I said, okay.

I didn't -- I says -- when I talked to Anna, she said all of this should have been cleared up .

. .

Pg.283

Ln6-7: **THE COURT**:  Try it again, please.  Your conversation with Jay Manfre?

Ln8-13: **WITNESS A:** When I talked to Jay Manfre, I just -- it was really quick. I said -- I asked him, I says, they said something came up with the applicant, their security clearance. And he said, well, I talked to Fran McKenna, he said there was an issue, and he said -- basically, he said, I talked to Fran McKenna on a regular basis, . . .

Pg.288:

Ln10:  (The witness left the stand.)

Ln11-14:  **THE COURT**: So, the defendants filed a motion to exclude the testimony. The testimony, Plaintiff Counsel, that you elicited is the testimony that you would like to elicit before the jury?

Ln15-17:  **PLAINTIFF COUNSEL**: Yes, Judge. Certainly, in full, but if not in full, then at least those sections that are not objectionable.

Pg 289:

Ln15-19: **PLAINTIFF COUNSEL**: And, your Honor, may I just, on that point, earlier, we had a similar situation where the objection was hearsay, your Honor did allow a question of whether or not -- no -- what was the person's impression, based upon what they -- the information that they received. So –

Ln20:  **THE COURT**: Yes.

Ln21-23:  **PLAINTIFF COUNSEL**: -- my point is, without eliciting the hearsay information, may I ask Mr. Bauer his impression as to why Ms. Baran did not receive the job?

Ln24-25:  **THE COURT**: You may not because his impression or his understanding is irrelevant to the case.

VIOLATION OF INJUNCTION

# Secret Clearance

**Anna Baran**

AB

To:

* Anna Baran

Tue 3/9/2021 5:47 AM
Nicholson, Colleen M <Colleen.Nicholson@asrcfederal.com>

Good Morning Colleen;

I am writing to let you know that per the DSS, DMDC and OPM, the owner of the report has to clear the false report that your company had placed on my record. I have to make a living and I have lost 7 jobs as a result of the Company's error.

I am currently in the midst of the interview, and per prospective employer's e-mail response, they are unable to move me forward due to the flagged report in my clearance record.

Per NJ law, the courts, both State and Federal agree that the company is required to remove the false report off my record. The court has dismissed your false claims against me, and in 2014 granted expungement of the records in which you failed to act on as law requires. Later in April 2015, July 2015 courts hearing, the company was ordered to restore my clearance and put best efforts to have it restored. The company has repeatedly failed to follow the law with expunging it from my record, also per courts order, the company chose to be defiant of it.

To reiterate, as above noted, per the DSS, OPM and DMDC, you, as a former DSS employee, are knowledgeable about this and completely understand the process how to get this resolved.

In 2018, a company offered me a job and was willing to speak & work with you to get the clearance resolved. I had contacted you via phone asking you to call the prospective employer, as they cannot reach out to you, but you needed to reach out to them. You

**ARTICLE 1**

refused and contacted company's attorney to push back saying its under litigation and because of that, you cannot get involved.  I lost that job because of your direct actions, or lack of it.   That is a violation of the court order.   When I tried to present this at my trial, your company's attorney had the Judge bar this information.

I am genuinely asking you today, to please clear my secret clearance record  as required per law and courts order. My life has been severely affected by the company's gross, negligent and defiant  behavior .

thank you kindly for your attention, efforts and time in this request.

**ARTICLE 1**

59

LITTLER MENDE[...]
A Professional Corp[...]
Three Parkway
1601 Cherry Street, [...]
Philadelphia, PA 19[...]
267.402.3000
Attorneys for Defend[...]

*Pro se plaintiff's cell is (856) 912-0716. Please call to obtain most recent address so she can be properly served w/ order.*

**FILED WITH THE COURT**

**APR 2 4 2015**

**John E. Harrington, J.S.C.**

_____

ANNA BARAN,

v.

ASRC/MSE and ROSE WELLS,

Defendants.

[...]R COURT OF NEW JERSEY
['D]ISION: BURLINGTON
['C]OUNTY

DOCKET NO. BUR-L-53-15

**ORDER GRANTING MOTION TO DISMISS**

*RECEIVED BURLINGTON COUNTY SHERIFF 2023 MAY 18 A 11:59*

**THIS MATTER** having been opened to the Court by Littler Mendelson, P.C., attorneys for Defendants Mission Solutions Engineering, LLC, and Rose Wells (collectively "Defendants") for an order dismissing the claims of Plaintiff Anna Baran, and the Court having considered the submissions in support thereof and in opposition to the requested relief, and for good cause shown;

**IT IS** on this _24th_ day of _April_, 2015,

**ORDERED** that Defendants' Motion to Dismiss Plaintiff Anna Baran's Complaint is

**GRANTED,** *without prejudice, subject to three conditions: 1.) Plaintiff must obtain counsel*
| *July 1, 2015, with the understanding that she may have a claim for unlawful termination;*

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is dismissed with prejudice.

A copy of this Order shall be served on all counsel of record within seven (7) days of its entry.

_____

**JOHN E. HARRINGTON, J.S.C.** J.S.C.

*2.) Defendant shall issue a neutral employment reference;*
*3.) Defendant must use best efforts to assist Plaintiff in obtaining a security clearance, to the extent possible.*

FILED WITH THE COURT

AUG 1 2 2015

PREPARED BY THE COURT

RECEIVED
BURLINGTON COUNTY SHERIFF

John E. Harrington, J.S.C.

---

| | |
|---|---|
| ANNA BARAN<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ASRC/MSE and Rose Wells<br><br>　　　　　　　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BURLINGTON COUNTY<br><br>DOCKET NO.:  BUR-L-53-15<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION TO ENFORCE THE<br>APRIL 24, 2015 ORDER and DENYING<br>PLAINTIFF'S MOTION TO HOLD<br>DEFENDANT IN CONTEMPT |

This matter, brought to the Court by way of correspondence from pro se Plaintiff, is being treated as a motion to enforce the Court's April 24, 2015 Order and to hold Defendants in contempt for violation of same, and the Court, having heard argument on July 24, 2015 and having been advised that Plaintiff is seeking representation of counsel;

**IT IS** on this **12th** day of **August, 2015 ORDERED:**

1.) Plaintiff's motion to enforce the April 24, 2015 order is **GRANTED;**

2.) Plaintiff's motion to hold Defendant in contempt is hereby **DENIED,** subject to the following conditions:

　　**a. Employment Reference:**  Defendant ASRC's Human Resources Department shall, on behalf of both ASRC and MSE, issue a neutral employment reference, whether requested telephonically or via letter, which simply states Plaintiff's dates of employment, and Defendant shall not otherwise editorialize, characterize, comment or provide any additional information;

　　**b. Security Clearance:** If and when contacted about the circumstances of Plaintiff's termination for the purpose of obtaining a security clearance for Plaintiff, Defendant shall simply provide the relevant records, upon request, and shall not otherwise editorialize, characterize, comment or voluntarily provide any information not requested;

　　**c. Employment File:** Defendant must provide Plaintiff with a copy of her entire personnel file no later than **August 28, 2015.**  Plaintiff may supplement her employment file with documents disposing of the matter which gave rise to her termination;

3.) Plaintiff shall use best efforts to restore her own security clearance with the appropriate agencies. Defendant shall use best efforts to assist Plaintiff in obtaining a security clearance, in accordance with the April 24, 2015 order conditionally granting Defendant's motion to dismiss;

# EXHIBIT B

I hereby deputize and appoint

**Sgt. Windstein #356**

my Special Deputy to serve this Writ
Witness my hand and Seal

This __18__ day of __May__ 20__23__

_J. H. Kostoplis_

JAMES H. KOSTOPLIS
SHERIFF (SEAL)

ODISE A. CARR
UNDERSHERIFF (SEAL)

Duly Served

5/22/23

_signature_

Deputy signature

# EXHIBIT C

**Judiciary eCourts Public Access System - Civil Part**

Home    Help    Logout

CASE JACKET |

User:publicaccess

## Docket Number:  BUR L 000952 - 23

Back

Create Summary Report

| | | |
|---|---|---|
| **Case Caption:** Baran Anna Vs Asrc Mse | | |
| **Court:** Civil Part | **Venue:** Burlington | **Case Initiation Date:** 05/10/2023 |
| **Case Type:** Tort-Other | **Case Status:** Active | **Jury Demand:** 6 Jurors |
| **Case Track:** 2 | **Judge:** James J Ferrelli | **Team:** 3 |
| **# of Discovery Days:** 300 | **Age of Case:** 00 YR 01 MO | **Consolidated Case:** N |
| **Original Discovery End Date:** | **Current Discovery End Date:** | **# of DED Extensions:** 0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:** 0 |
| **Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:** |

| Plaintiffs (1) | Defendants (1) | ACMS Documents (1) | Fees (1) |

Asrc Mse    AKA

| | | |
|---|---|---|
| **Party Description:** Business | **Party Status:** Active | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:**    **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

### Case Actions

| Filed Date | Filings | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|---|
| 05/10/2023 | 📎 ✉ | Complaint with Jury Demand for BUR-L-000952-23 submitted by ANNA BARAN, on behalf of ANNA BARAN against ASRC MSE | LCV20231546631 | 05/15/2023 |
| 05/16/2023 | 📎 ✉ | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20231550796 | 05/16/2023 |

Showing 1 to 2 of 2 entries

BUILD: CIVILCaseJacket_2023.1.0.1

```
BURLINGTON COUNTY
SUPERIOR COURT
49 RANCOCAS ROAD
MT HOLLY          NJ 08060
                                   TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 288-9500
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:   MAY 15, 2023
                         RE:     BARAN ANNA  VS ASRC MSE
                         DOCKET: BUR L -000952 23

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES J. FERRELLI

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     003
AT:  (609) 288-9500.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                   ANNA BARAN
                                   32 SHEFFIELD DRIVE
                                   MARLTON          NJ 08053



JUCPAC3
```